IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAMONT SMITH, | ) | No. C 04-3190 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) | |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for carjacking (Cal. Penal Code § 215(a)). The court issued an order to show cause to respondent as to why the petition should not be granted. Respondent has filed an answer addressing the merits of the petition, and petitioner has filed a traverse. Having reviewed the papers submitted and the underlying record, the court concludes that petitioner is not entitled to relief based on the claim presented. Accordingly, the petition for writ of habeas corpus is denied.

\\\

\\\

\\\

\\\

# I. BACKGROUND[1]

On February 24, 2002[2], one male and two females drove in a Honda to a grocery store in Oakland. After the male entered the store, petitioner exited the store and came over to the car containing the two females. Petitioner demanded that they get out of the car, pushing one of the females on the shoulder. Petitioner drove off in the car and was eventually stopped, after a high speed chase, by the police.

On July 23, 2002, the Alameda County District Attorney filed an amended information charging petitioner with carjacking and the personal use of a deadly weapon in the commission of the carjacking. On April 25, 2002, petitioner's counsel requested a competency evaluation of petitioner pursuant to California Penal Code section 1368. In response to defense counsel's motion, the trial court declared: "[H]aving observed [petitioner] in court during recesses and his conduct, I have a doubt as to his competence as well, so pursuant to section 1368 of the Penal Code, criminal proceedings are suspended . . ." At this point, petitioner was making inappropriate comments. For example, he responded to this latter statement by the trial court as follows: "Excuse me, my brother. How are you going to call me crazy, man? If I have to play that way to get a public defender fired, something is wrong with your dignity, man. I got a right to fire him." Additionally, when told that two experts were going to talk to him and that the court was going to "put this over six weeks for their reports," petitioner responded: "Six weeks? See that's a boo boo, too."

The competency matter was submitted on the reports of the two experts; both found petitioner competent. Accordingly, on June 6, 2002, the trial court found petitioner competent to stand trial and reinstated criminal proceedings. The jury trial began on July 24, 2002 and on July 31, 2002, the jury found petitioner guilty of carjacking and not guilty of using a dangerous

---

[1] The relevant facts are taken from the unpublished opinion of the California Court of Appeal, First Appellate District, <u>People v. Smith</u>, Case No. A101536 (February 27, 2004), at 1-5 (Respondent's Answer, Ex. H.)

[2] Although the state appellate court opinion cites the date the crime was committed as February 24, 2002, petitioner and respondent's papers state that the date of the underlying offense was in fact February 14, 2002.

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.04\Smith190den          2

1  weapon while committing the carjacking.

2  On August 28, 2002, pursuant to defense counsel's request at the time of sentencing, the
3  court again suspended the proceedings and ordered petitioner to be examined by two experts to
4  determine his competency at the time. The matter was submitted on the report of two experts;
5  both concluded that defendant was not competent. One of the experts observed, in relevant part:

> I believe . . . [petitioner] suffers from a psychotic condition, either a delusional disorder or a schizoaffective. As the officer told me, they never know who they are going to encounter, the man that for a number of days in a row [may] be reasonable and easy to care for or the wild feces thrower. I believe that he is too mentally ill to be considered as reliable, even for the more limited purposes of sentencing and I find that at this point, [petitioner] is incompetent to continue his trial and should be remanded to the appropriate institution.

Similarly, the second expert opined, in relevant part:

> As both the prior assessment found, [petitioner] is a gravely disturbed person. Some understandably hedged confidence was previously displayed in the view that [petitioner] was able to grasp the general dimensions of the legal proceedings in which he is now involved, and more, that he could cooperate in the preparation of his own defense. However, since that time, [petitioner] has deteriorated to the point where he is now much more disorganized in his thinking processes, and that his grasp of consensual reality has more definitively slipped through his fingers. Thus, I believe that there is good reason to claim that his present understanding of the legal proceedings is quite flawed and that he is quite unable to cooperate productively in the preparation of his own defense. While [petitioner's] condition may well improve with a concerted and focused medication regimen, on the day that I met him, I found him thoroughly and pointedly incompetent.

The court found petitioner incompetent and referred him to the conditional release program for placement pursuant to Penal Code section 1370. Petitioner was committed to Atascadero State Hospital and subsequently transferred to Napa State Hospital.

Shortly thereafter, on December 31, 2002, Napa State Hospital found that petitioner had regained competency. In its report to the court, the staff psychiatrist at Napa State Hospital assessed [petitioner's] status on admission as follows:

> On admission to Napa State Hospital on December 4, 2002, [petitioner] was cooperative but cocky. His mental status exam was within normal limits except for grandiosity, hyperreligiosity and persecutory delusions related only to the government and capitalism. He also had intermittent symptoms of what seemed like disorganized thinking, but it seemed like he could turn it on [and] off.

The report indicated that petitioner had continued his disruptive behavior at Napa:

> Since his admission to Napa State Hospital, [petitioner] has continued the problem behavior he displayed in jail. He has assaulted patients and staff and has

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.04\Smith190den                3

> threatened most of our staff.  He is very clear and coherent most of the time, but occasionally his speech does sound disorganized.  It is not clear whether this is intentional or not.  Nevertheless, [petitioner] has a good understanding of the legal system and of the process which he now faces.  [¶]  At an interdisciplinary team trial competency staffing on December 18, 2002, [petitioner] cooperated and responded appropriately.  It was the unanimous consensus of the treatment team that [petitioner] is trial competent.

The staff psychiatrist recommended that petitioner be returned to the superior court pursuant to Penal Code section 1372(e), as having regained mental competence for sentencing.

A certification of mental competency was filed with the court on January 3, 2003.  Ten days later, petitioner filed a motion for a new trial based on the claim that petitioner was incompetent during the trial.  The court denied the motion on January 27, 2003.  On that same date, the court sentenced petitioner to a total prison term of five years.

Petitioner filed a direct appeal and the state appellate court affirmed the judgment on February 27, 2004.  The state supreme court denied a petition for review on May 12, 2004.  Petitioner filed the instant federal petition on August 5, 2004.  As grounds for federal habeas relief, petitioner asserts that he was incompetent during his trial in violation of his right to due process.[3]

## II. DISCUSSION

**A.     Standard of Review**

This court will entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision

---

[3] Petitioner had initially alleged two additional claims for relief: 2) his Faretta motion was denied and he was unable to represent himself; and 3) his Marsden motion was denied.  Respondent filed a motion to dismiss these two claims as unexhausted.  Petitioner conceded that the two claims are not exhausted and agreed that these claims could be dismissed as separate claims.  Petitioner argued that these claims supported claim one because the denial of his Marsden and Faretta motions exacerbated his mental condition and that the trial court should have recognized his deteriorating condition.  This court dismissed petitioner's second and third claims and construed the claims as facts in support of petitioner's first claim for relief.  Accordingly, based upon its review of the underlying record, the court concludes that the denial of petitioner's Marsden and Faretta motions did not result in a substantial change of circumstances requiring the trial court to re-examine petitioner's competency.

that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28. U.S. C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing

1  evidence. 28. U.S.C. § 2254(e)(1).

2  **B.    Petitioner's Claim**

3  Petitioner claims that the trial court erred by failing to order a second competency hearing to determine whether petitioner was competent to stand trial. Petitioner alleges that during trial he attempted to kill himself on more than one occasion and he ate his own feces, which resulted in his missing two days of court. As a result, petitioner contends that his conviction was obtained in violation of his right to due process.

Where, as here, the highest state court decision to reach the merits issued a summary opinion that does not explain the rationale of its decision, federal court review under § 2254(d) is of the last explained state court opinion to reach the merits. Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000) (reviewing opinion of California Court of Appeal in deciding whether to grant habeas relief under § 2254(d)). In the instant case, the last explained state court opinion to address the merits of petitioner's claim is the opinion of the California Court of Appeal, affirming the trial court's judgment on direct appeal.

The test for competence to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - whether he has a rational as well as factual understanding of the proceedings against him." Boag v. Raines, 769 F.2d 1341, 1343 (9th Cir. 1985) (citing Dusky v. United States, 362 U.S. 402, 402 (1960), and Chavez v. United States, 656 F.2d 512, 518 (9th Cir. 1981)), cert. denied, 474 U.S. 1085 (1986). The standard for competency to stand trial is lower than the standard for capacity to commit a crime, such that those with mental deficiencies are not necessarily incompetent to stand trial. Hoffman v. Arave, 455 F.3d 926, 938 (9th Cir. 2006).

Due process requires a trial court to order a psychiatric evaluation or conduct a competency hearing if the court has a good faith doubt concerning the defendant's competence. See Cacoperdo v. Demosthenes, 37 F.3d 504, 510 (9th Cir. 1994); see also Davis v. Woodford, 384 F.3d 628, 644 (9th Cir. 2004). A good faith doubt about a defendant's competence arises only if there is substantial evidence of incompetence.

See Cacoperdo, 37 F.3d at 510 (denial of motion for psychiatric evaluation did not render trial

fundamentally unfair where petitioner made single conclusory allegation he suffered from mental illness). Several factors are relevant to determining whether a hearing is necessary, including evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial. See Loyola-Dominguez, 125 F.3d 1314, 1318 (9th Cir. 1997) (citing Drope v. Missouri, 420 U.S. 162, 171 (1975)). When considering a claim that the trial court should have held a competency hearing, the habeas court considers only the information that was before the state trial court. See Amaya-Ruiz v. Stewart, 121 F.3d 486, 489 (9th Cir. 1997).

     The Court of Appeal reviewed the trial court's denial of petitioner's motion for a second competency hearing pursuant to California Penal Code section 1368. The Court of Appeal observed:

> When, as here, a competency hearing has already been held and the defendant has been found competent to stand trial, "a trial court need not suspend proceedings to conduct a second competency hearing unless it is presented with a substantial change of circumstances or with new evidence casting a serious doubt on the validity of that finding."

Resp. Ex. H at 6 (citing People v. Kelly, 1 Cal.4th 495, 542-43 (1992) (citations omitted)). The appellate court further noted that "[a] trial court may appropriately take into account its own observations in determining whether the defendant's mental state has significantly changed during the course of trial." Resp. Ex. H at 6-7 (citing People v. Jones, 53 Cal.3d 1115, 1153 (1991)).

     Petitioner's counsel highlighted petitioner's demeanor during court proceedings, namely engaging in outlandish behavior and making incomprehensible comments to the judge. Additionally, petitioner's counsel cited petitioner's behavior outside the court, which included: throwing urine and feces on deputy sheriffs; injuring himself so that he had to be placed in a safety cell; assaulting and threatening to kill deputies; and spitting at his attorney and others. However, as the appellate court reasoned, petitioner's burden was not merely to establish evidence of incompetency during trial, but rather whether the trial court was "presented with a substantial change of circumstances or with new evidence casting a serious doubt on the validity of that finding." Resp. Ex. H at 8 (citing People v. Kelly, 1 Cal. 4th at 542-43).

1    Additionally, petitioner asserted that the trial court was aware that he had attempted
2 suicide twice during trial, that he injured himself during trial, and that he had once been deemed
3 such a danger to himself that he was placed in a safety cell.  As the appellate court observed,
4 incidents similar to those cited by petitioner had also occurred prior to the trial court's June 6,
5 2002 finding that petitioner was competent to stand trial.  As a result, petitioner failed to bring
6 forth any evidence demonstrating that petitioner's behavior during trial was substantially
7 different than his behavior prior to the trial, which had created the need for the initial
8 competency hearing.

9    The appellate court's determination that a substantial change of circumstances was not
10 established is supported by the trial court's conscious surveillance of petitioner's behavior
11 during trial.  In ruling on petitioner's motion for a new trial, the court stated that "[t]he Court,
12 because he had been referred under 1368 before, tried to watch [petitioner] with perhaps a little
13 closer eye in regard to his ability to participate in these proceedings meaningfully.  And at times
14 this behavior was certainly perplexing.  At times he appeared to be bringing up things in court
15 that he appeared to be not sure of, although I was never clear on that or not.  But it did seem to
16 me that upon explanation, [petitioner] certainly appeared to understand what the Court was
17 saying."  Resp. Ex. H at 12.

18    Based upon its review of the underlying record, the court concludes that the state court's
19 denial of a second competency hearing was not contrary to, or an unreasonable application of,
20 clearly established Supreme Court precedent, nor was it based on an unreasonable determination
21 of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2).

22 \\\
23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

### III. CONCLUSION

The court concludes that petitioner has failed to show any violation of his federal constitutional rights in the underlying state criminal proceedings. Accordingly, the petition for a writ of habeas corpus is denied. The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 9/28/2007           /s/ Ronald M. Whyte
                           RONALD M. WHYTE
                           United States District Judge

1  A copy of this order was mailed to the following:

2

3  Lamont Smith
   AT 056790-9
4  Fairfield Facility
   BK# 1769
5  500 Union Avenue
   Fairfield, CA  94533

6

7  Sharon G. Birenbaum
   CA State Attorney General's Office
8  455 Golden Gate Ave
   Suite 11000
9  San Francisco, CA  94102-7004

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.04\Smith190den               10